# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Arlander Keys | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4883 | **DATE** | 9/1/2004 |
| **CASE TITLE** | James Shula vs. Paul Lawent et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Memorandum Opinion and Order entered. The Court grants Plaintiff's Motion to Supplement the Fee and Expense Award [#65] as modified in this Opinion. In addition to the amounts previously awarded, the Court awards Mr. Shula attorney fees in the amount of $15,350.00 and costs in the amount of $2,163.28, for a total award (including the previous award) of $49,678.28.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | SEP 0 2 2004 date docketed | 69 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 9/1/2004 date mailed notice | |
| FT *pecy* | courtroom deputy's initials | 2004 SEP -1 PM 4:51 Date/time received in central Clerk's Office | FT mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
SEP 0 2 2004

JAMES A. SHULA,  )
                 )   No. 01 C 4883
     Plaintiff,  )
                 )
     v.          )
                 )   Magistrate Judge
PAUL D. LAWENT, and J.V.D.B. &  )   Arlander Keys
ASSOCIATES, INC.,               )
                 )
     Defendants. )

**MEMORANDUM OPINION AND ORDER**

The facts of this case, recounted in several previous opinions, are surprisingly simple and straightforward. J.V.D.B. & Associates, Inc., a collection agency, called James Shula twice about a debt he allegedly owed his doctor. Mr. Shula disputed the debt. Nevertheless, when J.V.D.B. sued Mr. Shula a couple of months later, he paid the debt, not wanting to hassle with the lawsuit.[1] Thereafter, J.V.D.B. sent Mr. Shula a letter demanding that he pay $52.73 in court costs. A lesser man might simply have paid the bill, and moved on. Mr. Shula chose a different path: he sued, alleging that the court costs letter violated the Fair Debt Collection Practices Act. This Court agreed and, on December 23, 2002, entered summary judgment in Mr. Shula's favor, awarding him statutory damages of $1,000, plus attorney's fees

---

[1] J.V.D.B.'s client (the doctor) later returned most of Mr. Shula's payment, suggesting that perhaps Mr. Shula was right to dispute the debt initially.



and costs. *See Shula v. Lawent*, No. 01 C 4883, 2002 WL 31870157 (N.D. Ill. Dec. 23, 2002). The defendants appealed that ruling, and the Seventh Circuit affirmed, noting in the process that the FDCPA violations disclosed in the record were "blatant, and reflect very poorly upon attorney Lawent's professionalism." *Shula v. Lawent*, 359 F.3d 489, 491 (7th Cir. 2004).

Following the decision on appeal, on June 4, 2004, the Court entered a Memorandum Opinion and Order awarding Mr. Shula $32,165.00 in fees and costs, roughly half the amount he requested in his petition (his petition sought $57,790.00 in fees, and $3,358.61 in costs, for a total of $61,148.61). On June 18, 2004, Mr. Shula filed a motion to supplement that award; he now seeks an additional $23,000 in fees and an additional $2,616.91 in costs, all of which were incurred in connection with the defendants' appeal to the Seventh Circuit.

At the outset, the Court is mindful that a successful FDCPA plaintiff is entitled to recover "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3); *Zagorski v. Midwest Billing Services, Inc.*, 128 F.3d 1164, 1166 (7th Cir. 1997). This includes costs and fees incurred by the plaintiff in defending his award on appeal. *See Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 411 (7th Cir. 2000)("'[t]he rationale of fee-*shifting* rules is that the victor should be made whole-should be as well

2

off as if the opponent had respected his legal rights in the first place'"; "'[t]his cannot be accomplished if the victor must pay for the appeal out of his own pocket.'") (quoting *Rickels v. South Bend*, 33 F.3d 785, 787 (7th Cir. 1994)).

In ruling on Mr. Shula's initial petition, the Court found that the reasonable rates for the attorneys involved were $350/hour for James Shedden and $225/hour for Michael Hilicki. See *Shula v. Lawent*, No. 01 C 4884, 2004 WL 1244030, at *4 (N.D. Ill. June 7, 2004). And the parties concede that any additional time awarded should be charged at those rates. Thus, the question before the Court is whether the hours and costs claimed in Mr. Shula's motion to supplement are reasonable. In its previous order, the Court further found that the hours reasonably worked by each attorney, from the initial investigation stage of the proceeding, through the appeal proceedings as of September 27, 2003, were 13.1 for attorney Shedden and 121.1 for attorney Hilicki. *Id.*, at *7. Mr. Shula now seeks reimbursement for an additional 102.1 hours, all related to the preparation of Mr. Shula's appellate brief and the delivery of an oral argument before the Seventh Circuit.

As the party seeking fees, Mr. Shula bears the burden of proving that the 102.1 hours claimed were reasonably expended on the litigation, and, to the extent the time spent by the attorneys is exorbitant, the fees should be reduced accordingly.

3

*See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 552 (7th Cir. 1999). The billing statements submitted with Mr. Shula's motion show that, in connection with the appeal of this Court's summary judgment ruling, attorney Hilicki spent a total of 87.9 hours, while attorney Shedden spent 14.2 hours. To break that down further, the statements show that attorney Hilicki spent 49.0 hours researching issues for, and drafting, Mr. Shula's appellate brief, and another 38.9 hours preparing for and delivering the oral argument in the case; attorney Shedden spent 6.5 hours researching issues for, and drafting, the appellate brief, and another 7.7 hours preparing Mr. Hilicki for, and attending, the oral argument.

The defendants argue that much of this time is excessive, and, to some extent, the Court agrees. For example, although it was certainly understandable that Mr. Shedden would want to attend the oral argument in the case, he was merely a spectator there, and, as a result, the fees covering his attendance at the argument should not be imposed upon the defendants. Moreover, as the Court has repeatedly noted, the facts of this case are relatively simple, and the issues on appeal would have overlapped work already done; indeed, it is likely that at least some of the arguments on appeal would have been researched and drafted in the proceedings before this Court.

4

With respect to drafting the brief, including the research included in that process, the Court finds that attorneys Hilicki and Shedden reasonably spent, respectively, 35.0 and 6.5 hours. With respect to the preparation for, and delivery of, the oral argument, the Court finds that attorneys Hilicki and Shedden reasonably spent, respectively, 20.0 and 2.0 hours. The remainder of the time charged was excessive, and will not be awarded. Thus, in connection with the appeal, the Court will award Mr. Shula attorneys' fees in the amount of $15,350.00 ($12,375.00 covering the 55.0 hours reasonably expended by Mr. Hilicki, plus $2,975.00 covering the 8.5 hours reasonably expended by Mr. Shedden).

With respect to expenses, Mr. Shula now seeks $660.89 in new expenses incurred after September 27, 2003; he also asks the Court to reconsider its decision to disallow certain expenses he submitted in his initial petition. As to the former, the Court will allow the computerized research costs, which are well documented in invoices attached to Mr. Shula's motion, but disallow the costs relating to the physical preparation of the briefs for submission to the court, as those costs have already been addressed by the Seventh Circuit; the Seventh Circuit awarded only a portion of what Mr. Shula seeks here, but in the absence of evidence to the contrary, the Court can only assume that the additional costs were before the court, and that the

court deliberately chose not to tax them against the defendants. Thus, for the new expenses, the Court will award Mr. Shula $207.26.

Turning to the costs previously submitted, the Court initially rejected Mr. Shula's claim for reimbursement of $1,064.20 in photocopying expenses, $142.56 in fax charges, $39.65 in postage charges, $1.43 in long distance telephone charges, $102.02 in computerized legal research charges, $254.75 for legal document management and copying charges (including service of process), and $1,604.00 for costs incurred in connection with depositions because none of these charges was adequately documented. Mr. Shula has now provided documentation to back up his request for the expenses covering deposition costs in the amount of $1,604.00, service of process costs in the amount of $250.00, and computerized research costs in the amount of $102.02. And, based upon that documentation, the Court is able to say that those costs were both reasonable and necessary. Accordingly, the Court will award an additional $1,956.02 in costs.

CONCLUSION

For the reasons stated above, the Court grants James Shula's Motion to Supplement the Fee and Expense Award, as modified in this opinion. In addition to the amounts awarded in the Court's June 4, 2004 Memorandum Opinion and Order, Mr. Shula is entitled

to recover attorneys' fees in the amount of $15,350.00, and costs in the amount of $2,163.28. Thus, the total award, including those amounts previously awarded, is $49,678.28 (comprised of $32,165.00 from the Court's initial order, plus the additional $17,513.28 awarded today).

Dated: September 1, 2004

ENTER:

*Arlander Keys*
ARLANDER KEYS
United States Magistrate Judge